**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:20-cv-60027-UU

HOWARD NEWMAN, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

EDUARDO MELONI, P.A. d/b/a
THE MELONI LAW FIRM,

    Defendant.
_____/

**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

THIS CAUSE is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. D.E. 25 (the "Motion"). The Court has considered the Motion and the pertinent parts of the record and is otherwise fully advised in the premises.

The Court has been advised that the parties to this action, Dr. Howard Newman ("Plaintiff" or "Class Representative"), and Edoardo Meloni, P.A. d/b/a The Meloni Law Firm ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement"), which has been filed with the Court, D.E. 25-1 at 9–45. The Court deems that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement).

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears

fair, reasonable, and adequate, and that a final fairness hearing should and will be held on **Friday, September 4, 2020 at 11:00 a.m.**, after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 25, is GRANTED as set forth herein.

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

If Defendant has not already done so, then pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, within 10 days of this Order, Defendant will cause to be served written Notice of the proposed class settlement on the United States Attorney General and the attorneys general for those states in which a class member resides.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs ("Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (a) with a Florida address, (b) to whom Edoardo Meloni, P.A. d/b/a The Meloni Law Firm mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a debt incurred primarily for personal, family, or household purposes, (d) between January 6, 2019 and January 6, 2020, (e) which demanded payment on the subject debt within 30 days of the date the communication was mailed to that person.

Defendant represents that there are 21 potential Class Members, including Plaintiff, currently residing in three states: Florida, Georgia, and New Jersey.

Pursuant to Rule 23, the Court appoints Dr. Howard Newman as the Class Representative. The Court also appoints James L. Davidson and Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel. *See Sullivan v. Marinosci Law Grp., P.C., P.A.*, No. 18-81368, 2019 WL

2

3940256, at *3 (S.D. Fla. Aug. 19, 2019) (Middlebrooks, J.) (appointing Greenwald Davidson Radbil PLLC class counsel); *Johnson v. NPAS Solutions*, *LLC*, No. 17-80393, 2017 WL 6060778, at *1 (S.D. Fla. Dec. 4, 2017) (Rosenberg, J.) (same); *Rodriguez v. Dynamic Recovery Solutions, LLC*, Nos. 14-20933, 14-24502, 2015 WL 178161, at *1 (S.D. Fla. Jan. 14, 2015) (Bloom, J.) (same).

This Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

- A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;
- B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;
- C. The claims of the Plaintiff are typical of the claims of the Class Members;
- D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members; and
- E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*Sullivan*, 2019 WL 3940256, at *2-3.

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (i) the benefits to the Class Members; (ii) the strengths and weaknesses of Plaintiff's case; (iii) the anticipated duration,

complexity, and expense of additional litigation; (iv) the risk and delay inherent in such additional litigation and possible appeals; (v) the limited amount of any potential total recovery for the Class, given the cap on statutory damages for claims brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and (vi) the opinion of Class Counsel, who are highly experienced in this area of class action litigation. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. The costs of administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the recommendation of the parties, this Court hereby appoints the following class administrator: First Class, Inc. *See, e.g.*, *Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-338, 2017 WL 6759382, at *5 (W.D. Wis. Dec. 29, 2017) (appointing First Class, Inc. as class administrator); *Green v. Dressman Benzinger Lavelle, PSC*, No. 14-142, 2014 WL 4816698, at *2 (W.D. Ohio Sept. 18, 2014) (same).

This Court approves the form and substance of the Direct Mail Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit C. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. This Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the

4

notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than June 26, 2020**. The class administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.

Class counsel's petition for an award of attorneys' fees and reimbursement of costs and expenses must be filed with the Court no later than 45 days after the Court's entry of this order, *i.e.*, **no later than July 20, 2020**. Opposition briefs to any petition for an award of attorneys' fees and reimbursement of costs and expenses must be filed no later than 75 days after the Court's entry of this order, *i.e.*, **no later than August 19, 2020**. Reply memoranda in support of the foregoing must be filed with the Court no later than 90 days after the Court's entry of this order.

Any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 75 days after the Court's entry of this order, *i.e.*, **no later than August 19, 2020**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than August 19, 2020**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Jesse S. Johnson, Greenwald Davidson Radbil PLLC, 7601 N. Federal Highway, Suite A-230, Boca Raton, FL 33487; and

Counsel for Defendant, Richard M. Jones, Klein Glasser Park & Lowe, 9130 South Dadeland Blvd., Suite 2000, Miami, Florida 33156.

To be effective, a notice of intent to object to the Settlement must:

(a) Contain a heading which includes the name of the case and case number;

(b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c) Be filed with the Clerk of the Court no later than 75 days after the Court preliminarily approves the settlement;

(d) Be sent to Class Counsel and counsel for Defendant at the addresses designated in the Notice by first-class mail, postmarked no later than 75 days after the Court preliminarily approves the settlement;

(e) Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney, as well as a statement whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Southern District of Florida; and

(f) Contain a statement of the specific basis for each objection.

Any Class Member who has timely filed an objection may appear at the Final Approval Hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Settlement, and on the application for an award of attorneys' fees, costs, and expenses.

Upon final approval from the Court, the class administrator will mail a settlement check to each Class Member who does not exclude himself or herself. Each such Class Member who does not exclude himself or herself will receive a pro-rata portion of the $5,000 settlement fund. Additionally, Defendant will separately pay to the Class Representative the sum of $1,000.

The Court will conduct a fairness hearing on **Friday, September 4, 2020 at 11:00 a.m.** at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, to review and rule upon the following issues:

- A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;
- B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;
- C. Whether a Final Approval Order, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and
- D. To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Submissions by the Parties in support of the settlement, including memoranda in support of final approval of the proposed settlement, and responses to any objections, must be filed with the Court no later than 28 days prior to the Final Fairness Hearing, *i.e.*, **no later than August 7, 2020**. Opposition briefs to any of the foregoing must be filed no later than 14 days prior to the Final Fairness Hearing, *i.e.*, **no later than August 21, 2020**. Reply memoranda in support of the

foregoing must be filed with the Court no later than 7 days prior to the Final Fairness Hearing, *i.e.*, **no later than August 28, 2020**.

This Order will be null and void if any of the following occur:

A. The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties; or

B. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

If the Settlement Agreement and/or this order are voided, then the Settlement Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| **Date** | **Event** |
| --- | --- |
| June 5, 2020 | Preliminary Approval Order Entered |
| June 26, 2020 | Direct Mail Notice Sent (21 days after Preliminary Approval Order entered) |
| July 20, 2020 | Filing of Class Counsel's Petition for Attorneys' Fees, Costs, and Expenses (45 days after entry of Preliminary Approval Order) |

| | |
|---|---|
| August 19, 2020 | Deadline to Send Exclusion or File Objection (75 days after entry of Preliminary Approval Order) |
| August 19, 2020 | Opposition, if any, to Class Counsel's Fee Petition (75 days after entry of Preliminary Approval Order) |
| September 3, 2020 | Reply in support of Class Counsel's Fee Petition (90 days after entry of Preliminary Approval Order) |
| August 7, 2020 | Filing of Motion for Final Approval and Responses to Any Objections (28 days before Final Fairness Hearing) |
| August 21, 2020 | Opposition, if any, to Final Approval (14 days before Final Fairness Hearing) |
| August 28, 2020 | Reply in support of Final Approval (7 days before Final Fairness Hearing) |
| September 4, 2020 | Final Fairness Hearing Held |

DONE AND ORDERED in Chambers in Miami, Florida, this _5th_ day of June, 2020.

*/s/ Ursula Ungaro*

THE HON. URSULA UNGARO
U.S. DISTRICT JUDGE