**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| HOWARD NEWMAN, on behalf of himself and others similarly situated, | **Civil Action No. 0:20-cv-60027-UU** |
| Plaintiff, | |
| v. | |
| EDOARDO MELONI, P.A. d/b/a THE MELONI LAW FIRM, | |
| Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

**Introduction**

Thanks to the class settlement reached between Dr. Howard Newman ("Plaintiff") and Edoardo Meloni, P.A. d/b/a The Meloni Law Firm ("Defendant"), more than 20 Florida consumers will receive over $238 each. The $5,000 class settlement fund is notable for two reasons: it allows for unusually high per-person recoveries, and it exceeds the class-wide statutory damages cap imposed by the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692k(a)(2)(B) (limiting statutory damages in a class action to the lesser of $500,000 of one percent of the debt collector's net worth). While specifically denying any liability under the statute resulting from its initial debt collection letters to class members, Defendant nonetheless has committed to providing relief above and beyond the class's best prospects at trial to avoid the investment of substantial time and resources litigating this action.

To be sure, in addition to the class's monetary relief, Defendant also has discontinued its use of the form collection letters that prompted this lawsuit—a remedy potentially unavailable at trial. As well, Defendant separately will pay Plaintiff the maximum individual damages award of $1,000, all remaining costs of settlement administration (after having already covered the cost of class notice), plus Plaintiff's attorneys' fees and expenses of $50,000 in total, which was separately negotiated in advance of the filing of Plaintiff's fee petition. *See* ECF No. 27.

With the help of First Class, Inc.—the Court-appointed class administrator—the parties distributed class notice via direct mailings to class members' last known addresses. The deadline for objections and exclusion requests is still several days away, but as of this filing, the parties have received none.[1] In light of the class's strong support, as well as the excellent monetary and

---

[1] The deadline to object or seek exclusion is August 19, 2020. Once this deadline passes, and in advance of the final fairness hearing on September 4, 2020, Plaintiff will submit a

prospective relief obtained, Plaintiff respectfully requests that this Court confirm its certification of the settlement class and finally approve the parties' class settlement.

Significantly, neither Defendant nor any class members oppose any of the foregoing relief.

### Class Settlement Summary

In connection with preliminary approval, this Court certified a settlement class under Rule 23(b)(3) comprised of all persons with a Florida address to whom Defendant mailed an initial debt collection communication not returned as undeliverable, in connection with the collection of a consumer debt, between January 6, 2019 and January 6, 2020, and which demanded payment on the subject debt within 30 days of the date the communication was mailed. *Newman v. Edoardo Meloni, P.A.*, No. 20-60027, 2020 WL 3052801, at *1-2 (S.D. Fla. June 5, 2020) (Ungaro, J.).

There are 21 class members, including Plaintiff. Assuming no class members exclude themselves between today and the August 19 exclusion deadline, all 21 participating class members will receive $238.09 each from the $5,000 class settlement fund. Should any settlement checks go uncashed after First Class takes all reasonable steps to forward checks to any forwarding addresses, such funds will then be directed to the Legal Aid Society of Palm Beach County, Inc.— the *cy pres* recipient approved by this Court. As a result, none of the settlement proceeds will revert to Defendant.

An additional benefit for class members and other consumers nationwide is Defendant's commitment to cease using the form debt collection letter at issue. Such a benefit was not necessarily available at trial. *See, e.g.*, *Berg v. Merchs. Ass'n Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1346 (S.D. Fla. 2008) (Dimitrouleas, J.) ("Count III of the Plaintiff's Complaint seeks

---

declaration from the administrator confirming the number of timely objections and exclusion requests received.

2

injunctive relief under both the FCCPA and the FDCPA. Defendant is correct that the FDCPA does not authorize injunctive relief to private litigants.").[2]

Separate and apart from the settlement fund, Defendant also will pay $1,000 in individual damages to Plaintiff—the most to which he is entitled under the statute. *See* 15 U.S.C. § 1692k(a)(2)(B)(i). Defendant also separately paid all costs of direct mail class notice and will continue to fund First Class's administration of the settlement. Additionally, subject to this Court's approval, Defendant will pay a total of $50,000 for class counsel's reasonable attorneys' fees and expenses in this action, as documented in Plaintiff's previously filed fee petition. *See* ECF No. 27.

## Argument

### I. This Court should confirm its certification of the settlement class.

Plaintiff agrees with the Court's reasoning in previously certifying the settlement class, *Newman*, 2020 WL 3052801, at *1-2, and he sees no need to revisit certification here. Plaintiff thus respectfully submits that this Court should confirm its certification of the settlement class.

### II. This Court should finally approve the class settlement as fair, reasonable, and adequate under Rule 23(e) and applicable Eleventh Circuit law.

As previewed in Plaintiff's preliminary approval filing, ECF No. 25 at 12-19, courts in the Eleventh Circuit probe six factors to determine the reasonableness and adequacy of a class action settlement under Rule 23(e): (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement. *Leverso v. SouthTrust Bank of AL., N.A.*, 18

---

[2] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

F.3d 1527, 1530 (11th Cir. 1994). As well, Rule 23(e) itself also requires consideration of several additional factors, including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to one another.

Here, each factor bolsters the fairness, adequacy, and reasonableness of the parties' negotiated settlement, thus supporting its approval. And in applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by the courts. *See, e.g.*, *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir. 2012) ("Our judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement."); *Dorado v. Bank of Am., N.A.*, No. 16-21147, 2017 WL 5241042, at *3 (S.D. Fla. Mar. 24, 2017) (Ungaro, J.) (settlement approval factors are examined "in light of 'the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement'").

### A.     There was no fraud or collusion behind the settlement.

"Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 531 (E.D. Ky. 2010). Here, the parties litigated this case for several months and only reached a resolution after Plaintiff filed his motion for class certification. The negotiations lasted for weeks and included several written settlement proposals and telephone conferences through counsel. The settlement is not a product of collusion but rather was the result of arm's-length settlement negotiations spearheaded by counsel experienced in consumer protection class action litigation. *See* ECF No. 27-1 (counsel's declaration in support of Plaintiff's fee petition) at ¶¶ 12-22. The first factor accordingly favors approval here. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 480 (D. Md. 2014) ("Class

4

counsel have significant litigation and appellate experience and . . . has served as class counsel in several successful consumer rights class actions . . . [and] have attested to the fairness of the proposal in the Settlement Agreement. Accordingly, because class counsel's experience—and the other [] factors—weigh in favor of fairness, the Court will find that the settlement is fair.").

As a result, this factor favors approval. *See Walls v. JP Morgan Chase Bank, N.A.*, No. 11-673, 2016 WL 6078297, at *3 (W.D. Ky. Oct. 14, 2016) ("Thus, because no party has alleged fraud or collusion and the parties conducted arm's-length negotiations, this factor supports approval of the settlement.").

### B. The complexity, expense, and duration of the litigation favors final approval.

There is "an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex." *Assoc. for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) (Gold, J.). Indeed, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable[,] and settlement conserves judicial resources." *In Re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003).

This case was no different. The parties settled while Plaintiff's motion for class certification remained pending, on the eve of Defendant's anticipated response in opposition. Had the litigation moved forward absent settlement, Plaintiff faced several obstacles before achieving a class recovery: obtaining class certification over Defendant's objection; prevailing at summary judgment or at trial; securing a maximum damages award after consideration of the several factors prescribed by statute (discussed in detail below); and prevailing on any likely appeals. *See, e.g.*, *Bennett v. Behring Corp.*, 96 F.R.D. 343, 349-50 (S.D. Fla. 1982) (Gonzalez, J.), *aff'd*, 737 F.2d 982 (11th Cir. 1984) (plaintiffs faced a "myriad of factual and legal problems" that led to "great

uncertainty as to the fact and amount of damage," which made it "unwise [for plaintiffs] to risk the substantial benefits which the settlement confers . . . to the vagaries of a trial").

This would have required many more months, if not years, of contentious litigation. What's more, even assuming an eventual class victory at summary judgment or at trial, there never was any guarantee of *any* damages for class members, let alone an award of the maximum damages allowed under the FDCPA. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("Because damages [under the FDCPA] are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable."). Given these assorted risks and necessary delays, as compared to the excellent results obtained here for the class, final approval is appropriate to avoid the uncertainties of trial. *See In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 319 (N.D. Ga. 1993) ("It would seem unwise, therefore, to risk the substantial benefits of the settlement to the uncertainty of trial.").

**C.   The parties have sufficiently developed the factual record to enable Plaintiff and his counsel to make a reasoned settlement judgment.**

Courts also consider "the degree of case development that class counsel have accomplished prior to settlement" to ensure that the parties had an adequate appreciation of the merits of the case before negotiating. *In re Checking Overdraft Litig.*, 830 F. Supp. 2d 1330, 1349 (S.D. Fla. 2011) (King, J.). At the same time, "[t]he law is clear that early settlements are to be encouraged, and accordingly, only some reasonable amount of discovery should be required to make these determinations." *Ressler v. Jacobson*, 822 F. Supp. 1551, 1555 (M.D. Fla. 1992).

Here, prior to settlement, the parties engaged in written discovery and had extensive discussions about the merits of the claims and the propriety of class certification, culminating in

Plaintiff's filing of his motion for class certification. *See* ECF No. 18. Defendant also shared information concerning the number and identities of potential class members, as well as evidence of its net worth—the sole determinant of the class's potential statutory damages award. *See* 15 U.S.C. § 1692k(a)(2)(B). As the District of New Jersey found in an FDCPA class settlement:

> With respect to the sufficiency of discovery, the Court notes that counsel asserts knowledge concerning the "identities and [ ] current addresses" of *all* class members. Moreover, because this action is premised primarily upon a form collection notification letter (the class includes only those consumers who received initial correspondence substantially similar to Plaintiff), the Court concludes that legal issues predominate the remaining disputes in this litigation. The Court therefore preliminarily approves the proposed settlement, and turns to the appointment of class counsel.

*Gregory v. McCabe, Weisberg & Conway, P.C.*, No. 13-6962, 2014 WL 2615534, at *9 (D.N.J. June 12, 2014) (emphasis in original).

Likewise here, given the parties' exchange of information, as well as Plaintiff's counsel's breadth of experience with FDCPA class litigation, *see* ECF No. 27-1 at ¶¶ 12-22, the settlement was consummated with a firm understanding of the issues at stake. *See Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 660, 669 (M.D. Ala. 1988) ("In this case, it is this Court's opinion that the plaintiffs have conducted enough discovery to be able to determine the probability of their success on the merits, the possible range of recovery, and the likely expense and duration of the litigation.").

### D. The probability of Plaintiff's success on the merits, coupled with the range of possible recoveries, favors final approval.

Another key consideration is "the likelihood and extent of any recovery from the defendant[] absent . . . settlement." *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. at 314. In determining whether a settlement is fair in light of the potential range of recovery, this Court is guided by the important maxim that a proposed settlement may obtain only a fraction of the

theoretical best recovery yet still offer a fair and adequate resolution in light of the attendant risks of litigation. *In re Checking Overdraft Litig.*, 830 F. Supp. 2d at 1350.

No matter, the $5,000 class settlement fund here amounts to *more* than the best theoretical statutory damages recovery for the class, as this amount well exceeds one percent of Defendant's balance sheet net worth. *See* 15 U.S.C. § 1692k(A)(2)(B); *see also Sanders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000) ("net worth" within meaning of § 1692k means "balance sheet or book value net worth" of assets minus liabilities). Also noteworthy, there is no guarantee of full statutory damages at trial because the FDCPA's damages provision is permissive rather than mandatory. The law provides for statutory damages awards *up to* certain amounts after balancing specified factors like the nature of Defendant's noncompliance, the number of persons adversely affected, and the extent to which Defendant's noncompliance was intentional. *See* 15 U.S.C. § 1692k(b)(2).

Correspondingly, even had the class prevailed at trial, the jury may have awarded little in the way of statutory damages, or potentially none at all. *Schuchardt*, 314 F.R.D. at 683. And this risk of a minimal damages award was not merely hypothetical. *See, e.g.*, *Dickens v. GC Servs. Ltd. P'ship*, 220 F. Supp. 3d 1312, 1324 (M.D. Fla. 2016) ("Having considered these factors and the parties' briefs, the Court finds that the statutory award in this case should be nominal, whether that award applies to Dickens alone or a class of plaintiffs."), *vacated and remanded,* 706 F. App'x 529 (11th Cir. 2017); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* No. 06-1397, 2011 WL 1434679, at *11 (N.D. Ohio 2011) (analyzing the factors set forth in 15 U.S.C. § 1692k and awarding no "additional damages" to members of the class).

It stands to follow that the immediate relief provided by the settlement is substantial, as a recovery of more than $238 per person represents a phenomenal result for class members whether viewed in the aggregate or individually. To be sure, class members here will receive individual

8

recoveries many multiples higher than those obtained in other FDCPA class settlements recently approved throughout the country. *See, e.g.*, *Riddle v. Atkins & Ogle Law Offices, LC*, No. 19-249, 2020 WL 3496576, at *2 (S.D. W. Va. June 29, 2020) ($28.20 per class member); *Claxton v. Alliance CAS, LLC*, No. 19-61002, 2020 WL 2759826, at *2 (S.D. Fla. May 27, 2020) (Altman, J.) ($15.67 per class member); *Sullivan v. Marinosci Law Grp., P.C., P.A.*, No. 18-81368, 2019 WL 6709575, at *2 (S.D. Fla. Nov. 22, 2019) (Middlebrooks, J.) ($27.51 each); *Dickens v. GC Servs. Ltd. P'ship*, No. 16-803, 2019 WL 2284056, at *2 (M.D. Fla. May 28, 2019) ($10 each); *Marcoux v. Susan J. Szwed, P.A.*, No. 15-93, 2017 WL 679150, at *4 (D. Me. Feb. 21, 2017) ($42 each); *Gonzalez v. Germaine Law Office PLC*, No. 15-1427, 2016 WL 5844605 (D. Ariz. Oct. 3, 2016) ($19.25 each); *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 4766079, at *3 (E.D. Pa. Sept. 13, 2016) ($10.92 each); *Hall v. Frederick J. Hanna & Assocs., P.C.*, No. 15-3948, 2016 WL 2865081, at *3 (N.D. Ga. May 10, 2016) ($10 each); *Schell v. Frederick J. Hanna & Assocs., P.C.*, No. 15-418, 2016 WL 1273297, at *3 (S.D. Ohio Mar. 31, 2016) (same); *Whitford v. Weber & Olcese, P.L.C.*, No. 15-400, 2016 WL 122393, at *2 (W.D. Mich. Jan. 11, 2016) (same); *Green v. Dressman Benzinger Lavelle, PSC*, No. 14-142, 2015 WL 223764, at *3 (S.D. Ohio Jan. 16, 2015) ($31 each); *Little-King v. Hayt Hayt & Landau*, No. 11-5621, 2013 WL 4874349, at *14 (D.N.J. Sept. 10, 2013) ($7.87 each).[3]

What's more, for himself, Plaintiff secured the maximum individual damages award allowed by statute, *see* 15 U.S.C. § 1692k(a)(2)(B)(i), plus Defendant's confirmation that it has discontinued using the form of initial debt collection letter at issue—an achievement that was not

---

[3] This settlement also provides a significantly greater per-person recovery than other FDCPA class settlements specifically approved by this Court. *See, e.g.*, *Riley v. Home Retention Servs., Inc.*, No. 14-20106, 2015 WL 11216333, at *3 (S.D. Fla. Mar. 17, 2015) (Ungaro, J.) ($100 per class member).

necessarily available at trial, *see, e.g.*, *Berg*, 586 F. Supp. 2d at 1346, and which will benefit many other consumers in the future who become the target of Defendant's collection efforts. Considering the benefits obtained here in comparison to those likely at trial and those obtained in other similar actions, these factors strongly support final approval of the settlement.

### E. Universal support from Plaintiff, his counsel, and the class members highlights the fairness and reasonableness of the settlement.

The last factor considers the opinions of class counsel and the class representative, along with any opposition to the settlement. On the first point, both Plaintiff and his counsel firmly believe that this settlement is fair, reasonable, and adequate, and in the best interests of class members. A strong initial presumption of fairness thus attaches here because the settlement was reached by well-qualified and experienced counsel engaged in arm's-length negotiations. *See Mashburn*, 684 F. Supp. at 669 ("If plaintiffs' counsel did not believe these factors all pointed substantially in favor of this settlement as presently structured, this Court is certain that they would not have signed their names to the settlement agreement."); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. at 312-13 ("In determining whether to approve a proposed settlement, the Court is entitled to rely upon the judgment of the parties' experienced counsel.").

Further, "[t]he attitude of the members of the class, as expressed directly or by failure to object, after notice, to the settlement, is a proper consideration for the trial court." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). Importantly, following a direct mail notice campaign, no opposition exists here—to date, not one person has objected to the settlement or sought exclusion. Nor have any objections resulted from notice provided to governmental agencies under the Class Action Fairness Act.[4] This overwhelmingly favorable reaction supports the settlement's

---

[4] After the August 19 objection and exclusion deadline, Plaintiff will update the Court with final figures and provide evidence from First Class confirming as much.

10

approval. *See James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2017 WL 2472499, at *1 (M.D. Fla. June 5, 2017) ("Also, no class member objects to the settlement, and only thirty-one prospective class members requested exclusion from the class. The absence of opposition to the settlement militates heavily toward approval."); *Lee v. Ocwen Loan Servicing, LLC*, No. 14-60649, 2015 WL 5449813, at *5 (S.D. Fla. Sept. 14, 2015) (Goodman, M.J.) ("Obviously, a low number of objections suggests that the settlement is reasonable, while a high number of objections would provide a basis for finding that the settlement was unreasonable.")

In short, the class's support for the settlement has now reinforced the initial presumption of fairness such that class members' positive reactions and the absence of any opposition strongly supports final approval. *See Burrows v. Purchasing Power, LLC*, No. 12-22800, 2013 WL 10167232, at *7 (S.D. Fla. Oct. 7, 2013) (Ungaro, J.) ("As to the fifth *Bennett* factor, the Court finds that the substance and amount of opposition to the settlement weighs in favor of the settlement's approval. No members of the Settlement Class oppose the settlement, nor have any governmental agencies filed opposition.").

    **F.**  **The settlement treats class members equitably.**

Finally, Rule 23(e)(2)(D) also requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note guides consideration of "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory committee's note (2018).

Here, each class member has the same claim resulting from receipt of the same form of initial debt collection letter from Defendant. And as a result, the settlement provides that each participating class member will receive an equal portion of the $5,000 settlement fund. *See, e.g.*, *Burrow v. Forjas Taurus S.A.*, No. 16-21606, 2019 WL 4247284, at *10 (S.D. Fla. Sept. 6, 2019)

11

(Torres, M.J.) ("The Settlement also treats Settlement Class Members equally and fairly. There is no distinction between the benefits offered, and all Settlement Class Members receive the benefit of the Enhanced Warranty Service automatically. Furthermore, the steps Settlement Class Members must take to receive the Enhanced Warranty Service and the Inconvenience Payment are far from onerous."). As such, this factor supports preliminary approval.

## Conclusion

After months of litigation, Plaintiff now presents a class settlement that will provide participating class members nearly $240 each, plus prospective relief in the form of changed debt collection practices that address Plaintiff's concerns. Class members universally support the settlement to date, as evidenced by their lack of objections or opt-outs. Plaintiff accordingly requests that this Court enter the accompanying order granting final approval to the parties' class action settlement.[5]

Significantly, neither Defendant nor any class members oppose this relief.

---

[5] Plaintiff also will submit an updated proposed order after the objection and exclusion deadline reflecting the final figures for any such objections or exclusion requests.

DATED: August 7, 2020         Respectfully submitted,

                 */s/ Jesse S. Johnson*
                 James L. Davidson
                 Florida Bar No. 723371
                 Jesse S. Johnson
                 Florida Bar No. 0069154
                 Greenwald Davidson Radbil PLLC
                 7601 N. Federal Hwy., Suite A-230
                 Boca Raton, FL 33487
                 Tel: (561) 826-5477
                 jdavidson@gdrlawfirm.com
                 jjohnson@gdrlawfirm.com

                 *Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020, I filed a copy of the foregoing with the Court using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

                 */s/ Jesse S. Johnson*
                 Jesse S. Johnson

13